UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, N.W.
Room 1225
Washington DC 20001

**FILED**

MAR 16 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

KENNETH KUBAN, )
)
    Petitioner, )
)
vs. )
)
Loretta E. Lynch, Attorney General )
of the United States, Thomas R. Kane )
Acting Director )
Federal Bureau of Prisons )
)
Respondent: )

Case: 1:16-cv-00510
Assigned To : Collyer, Rosemary M.
Assign. Date : 3/17/2016
Description: Habeas Corpus/2255 (G Deck)

<u>PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY</u>

 COMES NOW the Petitioner, Kenneth Kuban ("Kuban"), pro se, to petition the Court to issue a writ of habeas corpus pursuant to the Court's authority under 28 U.S.C. § 2241 and to issue an order directing the United States Department of Justice, Bureau of Prisons ("BOP") to credit Kuban's service of sentence to reflect his completion of the BOP's Residential Drug Abuse Treatment Program ("RDAP"). The petition should be granted for the following reasons:

 1.  The Petitioner, Kuban, is a prisoner held in the custody of the BOP at the Federal Correctional Institution, Ashland, Kentucky ("FCI-Ashland"). Kuban's imprisonment is the result of his guilty plea in the United States District Court for the Western District of Virginia in case number DVAW313cr0001. Kuban was sentenced on November 15, 2013 to an aggregated 66 month sentence as follows: 40 months imprisonment for violating 18 U.S.C. §§ 2261A(1) and 2261(b)(5)-(b)(6) (Interstate domestic violence and violation of a protective order) to ~~run consecutive~~

RECEIVED
Mail Room

MAR 16 2016

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

to 26 of imprisonment for violating 18 U.S.C. §§ 1028(a)(7) and 1028(b)(2)(B)(Unlawful use of the identification of another). The BOP currently projects that Kuban will complete his aggregated sentence on January 1, 2018 through a combination of actual service of sentence and good conduct time credit.

2. The Respondent, Jodie L. Snyder-Norris, is the Warden of the FCI-Ashland. Kuban is being held in the immediate custody of Warden Snyder-Norris.

3. The FCI-Ashland is located in the federal judicial district for the Eastern District of Kentucky.

4. The Director of the BOP ("Director") is authorized to provide early release from prison to qualifying prisoners who participate in the BOP RDAP and complete the program. See 18 U.S.C. § 3621(e). The Director has adopted regulations concerning early release for RDAP participation and has bound himself to those regulations by publishing them in the Code of Federal Regulations. See 28 C.F.R. Part 550. The Director has established criteria for early release and describes inmates who are ineligible for early release in § 550.55 of the regulation.

5. Among the current offenses of conviction that make an inmate ineligible for early release through RDAP participation are: "An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another," 28 C.F.R. § 550.55(b)(5)(i), and "An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another," 28 C.F.R. § 550.55(b)(5)(iii).

6. Kuban completed the BOP RDAP course at FCI-Forrest City, Arkansas; however, he has been denied early release. The BOP has cited his current conviction for 18 U.S.C. § 2261A (Stalking) as disqualifying him from early release for RDAP completion and cites the BOP policy expressed in BOP Program Statement ("PS") 5162.05 (Categorization of Offenses) that deems § 2261A as defining a violent offense in all cases. Response to Kuban Request for Administrative Remedy, Mar. 20, 2015 (copy attached). (It should be noted that PS 5162.05 is a policy statement and has not been subjected to the Administrative Procedures Act rulemaking process. As such, PS 5162.05 does not have the force of law, whereas 28 C.F.R. Part 550 does carry the force of law concerning the BOP's administration of an inmate's sentence.)

7. As it applies to this case, § 2261A makes it a criminal offense whenever anyone "with the intent to...harass...uses...any interactive computer service or electronic communication service or electronic communication system of interstate commerce...to engage in a course of conduct that [ ] causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person [further described in the statute]." 18 U.S.C. § 2261A(2)(B). The offense defined in § 2261A can be completed without the defendant using, attempting to use, or threatening to use physical force. See generally United States v. Shrader, 675 F.3d 300 (4th Cir.), cert. denied, U.S. No. 12-5614 (Dec. 3, 2012); United States v. Sayer, 748 F.3d 425 (1st Cir. 2014). Further, the Supreme Court has found language in The Armed Career Criminal Act's residual clause, 18 U.S.C. §

924(e)(2)(B)(ii)(related to an offense that "is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious risk of physical injury to another</u>."), to be unconstitutionally vague and unenforceable. <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

8. Kuban has attempted to resolve this matter through the BOP's Administrative Remedy Program. <u>See</u> <u>generally</u>, 28 C.F.R. Part 542. The following records which are relevant to this matter and Kuban's efforts to exhaust the administrative remedies that are available to him are attached to this petition:

    a. "Notice of RDAP Qualification," dated September 9, 2014, and the related Offense Review.

    b. "Documentation of Informal Resolution Attempt," dated November 11, 2014 (including response of February 19, 2015).

    c. "Request for Administrative Remedy," dated March 3, 2015 (including Response, dated March 20, 2015).

    d. "Documentation of Informal Resolution Attempt," dated April 1, 2015 (with enclosure)(regarding delay in providing the response to the March 3, 2015 "Request for Administrative Remedy").

    e. "Regional Administrative Remedy Appeal," dated April 22, 2015 (including Response, dated May 13, 2015).

    f. Tim Moore, Unit Manager letter, dated May 29, 2015, regarding delayed delivery of the Response to the Regional Administrative Remedy Appeal.

      g.  "Central Office Administrative Remedy Appeal," dated June 15, 2015.

      9.  The BOP Central Office has not responded to the June 15, 2015 administrative appeal. The Central Office Administrative Remedy Appeal is the final step in the BOP's administrative remedy process. 28 C.F.R. § 542.15(a). BOP regulations provide that a Central Office Administrative Remedy Appeal has a 60-day response period, and the BOP's failure to respond within 60 days can be treated as a constructive denial. 28 C.F.R. § 542.18. Kuban has exhausted the administrative remedies available to him through the BOP Administrative Remedy Program.

## CONCLUSION

Inasmuch as the Petitioner, Kenneth Kuban, has completed the Bureau of Prisons Residential Drug Abuse Treatment Program and the circumstances of his conviction do not render him ineligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e), the Bureau of Prisons should be ordered to reduce Kuban's sentence of imprisonment in accordance with the agency's regulations as published in Title 28, Code of Federal Regulations, Part 550.

By signing this petition I am declaring under the penalty of perjury that the factual representations made in the nine numbered paragraphs of this petition are true and correct to the best of my knowledge, information and belief, and that the documents I have attached to this petition are as they are repre-

sented within the petition.  Executed the 2nd day of February, 2016.

                                    Respectfully submitted,

                                    _____
                                    Kenneth Kuban, Pro Se
                                    BOP Reg. No. 17261-084
                                    FCI-Ashland
                                    Post Office Box 6001
                                    Ashland, Kentucky 41105-6001

BP-A0941            **Notice of RDAP Qualification** CDFRM
MAR 09
**U.S. DEPARTMENT OF JUSTICE**            **FEDERAL BUREAU OF PRISONS**

**SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION**

YOU HAVE REQUESTED PARTICIPATION IN THE BUREAU'S RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM. MY REVIEW OF YOUR CASE INDICATES ✓ **DO** ___ **DO NOT** QUALIFY FOR THE RESIDENTIAL DRUG ABUSE PROGRAM.(comment on documentation and clinical interview).

> Comments:
> Inmate KUBAN reported symptoms consistent with Alcohol and Stimulant (Cocaine) Use Disorders. The PSI supports his reported use of alcohol within the required time frame.

If inmate does not qualify for the RDAP no offense review is required.

**SECTION 2 - OFFENSE REVIEW**

✓ A DSCC OFFENSE REVIEW HAS BEEN REQUESTED.

___ A DSCC OFFENSE REVIEW HAS **NOT** BEEN REQUESTED:

     ___ (a) you have received a prior early release under §3621(e);

     ___ (b) you are a contract boarder (e.g., state or military inmate);

     ___ (c) you were sentenced under old law.

My signature indicates I have been informed of my RDAP qualification status.

| Inmate Name Printed<br>KENNETH KUBAN | Staff Name Printed<br>Robert W. McFall, Ph.D. |
|---|---|
| Inmate Signature<br>K.E.K. | Staff Signature |
| Register Number<br>17261 084 | Staff Title<br>Drug Abuse Program Coordinator |
| Date<br>9/9/14 | Date<br>9-9-14 |

| Refused to sign |
|---|
| ___ Yes    ___ No |

cc: Drug Abuse Treatment File Unit Team
     Unit Team (place in section 4 of inmate central file)

*PDF*            *Prescribed by PS 5330*

| 2 | Request for § 3621(e) Offense Review CDFRM |
|---|---|
| DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

| Inmate's Name:<br>KUBAN, Kenneth | Register Number:<br>17261-084 |
|---|---|
| Submitting DAPC:<br>Robert W. McFall, Ph.D. | Date of DAPC Interview:<br>09-09-2014 |
| Institution:<br>FCI Ashland | If applicable, at which institution did the inmate complete the unit-based portion of RDAP? |

This form requests and documents Designation and Sentence Computation Center (DSCC) legal staff review of the inmate's current and prior offenses, to determine whether the offense(s) preclude him/her from early release eligibility pursuant to 18 U.S.C. § 3621(e).

Subsection I - Current Offense Review (To be completed by DSCC legal staff.)

The inmate's current offense conviction:  (Check all that apply and explain in box provided.)

✓ (1) has as an element, the actual, attempted, or threatened use of physical force against the person or property of another (28 C.F.R. § 550.55(b)(5)(i));

___ (2) involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device) (28 C.F.R. § 550.55(b)(5)(ii));

✓ (3) by its nature or conduct, presents a serious potential risk of physical force against the person or property of another (28 C.F.R. § 550.55(b)(5)(iii));

___ (4) by its nature or conduct involves sexual abuse offenses committed upon minors (28 C.F.R. § 550.55(b)(5)(iv));

___ (5) is a "crime of violence" as defined by D.C. Code § 23-1331(4) [This provision applies only to D.C. Code felony offenders (28 C.F.R. § 550.55(a)(1)(ii))]; or

___ (6) is an attempt, conspiracy, or other offense which involved an underlying offense to commit any precluding offense (28 C.F.R. § 550.55(b)(6)).

---

List precluding current offense information, and note relevant regulation, policy, and other information.

18 U.S.C. § 2261A(1), 2261(b)(5)-(b)(6); Stalking (Ct. Two) - precluded pursuant to 28 C.F.R. § 550.55(b)(5)(i), (iii) and pursuant to PS 5162.05, Section 3.a.

2/23/15

## *DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT*

Bureau of Prisons Program Statement No. 1330.13, <u>Administrative Remedy Program</u>, (December 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate's Name: ____Kenneth Kuban_____ Date: 11/25/14

Register Number: __17261-084_____ Unit: ___H-B_____

Specific Complaint and Requested Relief: I do not agree with the determination that I am ineligible for the one-year off incentive authorized by the provisions of 18 U.S.C. §3621(e). I have carefully reviewed the material supplied me respectfully submit that the reasons for precluding me from the 18 U.S.C. §3621(e)(2)(B) are highly subjective and are based to a substantial degree on the subjectivity of the reviewing official. In truth and fact that was no actual, attempted or threatened use of use of physical force against the person or property of the victim. Further the conduct of which I was convicted does not by its nature present a serious potential risk of physical force against the person or property of another.

_____

Efforts Made By Inmate to Informally Resolve Grievance (be specific): I have discussed the isses with my Team informally, but they appear to be wed to the views expressed in the Request for §3621(e) Offense Review. I disagree with the reasons relied upon to deny me the one-year off, and ask that the decision to deny me the incentive one-year off be reversed.

_____

_____

Counselor's Comments: Program Statement 5162.05 Categorization of Offenses categorizes your stalking conviction, 18 2261A as a crime of violence in all cases. As such you are properly denied early release pursuant to 18 USC 3621(e).

_____     _____
Correctional Counselor's Review Date      Unit Manger's Review Date

DATE BP-9 was ISSUED_____

**U.S. DEPARTMENT OF JUSTICE**      **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Kuban,  Kenneth__    __17261-084__    __H-B__    __FCC Forrest City (Low)__
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST**   I disagree with the decision made in my case to deny me the one year off based on my offense which has been categorized my conviction as a stalking conviction, which is treated by the Bureau of Prisons as a crime of violence. The Supreme Court of the United States has recently directed that the statute that defines a crime of violence as a statute which may be so vague and ambiguous as to be void for vagueness. The case is currently pending before the Supreme Court of the United States and a decision is expected before the end of June. In light of this development, I request that the decision in my request for the incentive one-year off be revisited, and that a determination be entered that my situation did not constitute a crime of violence, and that I be awarded the incentive one-year off upon my completion of the RDAP.

__March 3, 2015__
    DATE                                                    SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
Federal Bureau of Prisons
APR 1 3 2015
South Central Regional Office
Regional Director's Office

    DATE                                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: __815860-R2__

                                                                CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL               REG. NO              UNIT            INSTITUTION

When reviewing Mr. Moore's response on the BP-8, his comment as to a "Crime of Violence" 18 2261A was the contributing factor for my denial to receive the one year off incentive.

In actuality, the BOP Designation and Sentencing Center (DSCC) legal staff, didn't site my action as a "Crime of Violence". (See exhibit attached)

Their reasoning for denial, in essence, was extremely vague, esoteric, fraudulent, and not indicative of the actual events.

At no time did I demonstrate, contrive, direct, coordinate any verbal or physical actions towards my subject. Again nothing can be construed as an element, nature of conduct, actual attempt, which resembles physical force or destructive action towards my subjects property or life.

Further more, the five or six individuals who were apprehended by local officials received misdemeanor charges of trespassing. These actions only masquerade the alleged nature that the current offense review staff perceives as gospel.

FEDERAL CORRECTIONAL INSTITUTION, FORREST CITY, AR
PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY
(813860-F1)

This is in response to your Request for Administrative Remedy received March 16, 2015, regarding being denied time off your sentence under early release procedures 18 U.S.C. 3621(e).

For relief, you request eligibility for 3621e early release.

A review of your case revealed the following. You were deemed ineligible for 3621e early release on November 4, 2014. On August 12, 2013, you plead guilty to three counts including Stalking, 18 U.S.C 2261A. Program Statement 5162.05, <u>Categorization of Offenses</u>, deems this conviction as a crime of violence in all cases. Therefore, according to Program Statement 5331.02, <u>Early Release Procedures Under 18 U.S.C. 3621e</u>, an inmate that has committed an offense categorized as a crime of violence that has an element, the actual, attempted, or threatened use of physical force against the person or property of another is not eligible for early release under 18 U.S.C. 3621e Early Release procedures.

Your contention that the United States Supreme Court has directed that a crime of violence as a statute is so vague and ambiguous as to be voided is of no merit.

Based on the above, this request is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at Federal Bureau of Prisons, South Central Regional Office, 344 Marine Forces Drive, Suite 300, Grand Prairie, Texas, 75051. Your appeal must be received in the South Central Regional Office within 20 days of this response.

_____        _3/20/15_____
C. V. Rivera, Warden                    Date

4/10/15

RECEIVED BACK
CH ABOVE

# DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, <u>Administrative Remedy Program</u>, (December 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate's Name: Kenneth Kuban                                     Date: 4/1/15

Register Number: 17261-084           Unit: HB

Specific Complaint and Requested Relief: As of this writing, I haven't received a response or a request for extension of time on my "Administrative Remedy"/ According to BOP regulations, Warden Rivera or CCM, have 20 calendar days at the institution level to respond. #542.18. Mr. Moore, Unit Manager of "HB", forwarded my BP9 to the warden on 3/9/15, as per his conversation with me. At this point and time I would like to find out (See Attached)

Efforts Made By Inmate to Informally Resolve Grievance (be specific): As per BOP regulations, I've waited for the 20 calendar days to pass before writing this "Informal Resolution Attempt".

Copies sent to: BOP Regional Director

       Attorney, Jeromy Gordan, Texas

       Senator Rand Paul, Kentucky

Page 2

when the above administrative remedy was entered into "Sentry" as date received, and why this issue hasn't been addressed.

12. RESPONSE TIME §542.18

If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.

The date a Request or an Appeal is received in the Administrative Remedy index is entered into SENTRY as the "Date Rcv", and should be the date it is first received and date-stamped in the Administrative Remedy Clerk's office. Notice of extension ordinarily is made via SENTRY notice.

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group All rights reserved Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Kuban, Kenneth__          __17261-084__     __H-B__     __FCC Forrest City (Low)__
         LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.        UNIT            INSTITUTION

**Part A - REASON FOR APPEAL**  I disagree with the decision made in my case to deny me the one-year off for the successful completion of RDAP on the spurious ground that my offense was a crime of violence. The offense has been classified as stalking, which the Bureau of Prisons treats my offense as a crime of violence. My offense was not a crime of violence, and did not involve stalking on my part, nor did I involve anyone else in stalking the victim of the underlying offense.

What is and is not a crime of violence is largely in the eye of the beholder. To consider my offense a crime of violence is to grossly misunderstand what the offense consisted of. The notion of what is and is not a crime of violance has been the subject of several cases by the Supreme Court of the United States, and stems from the rather ambiguious provisions of the statute passed by Congress that purports to define what a crime of violence is. As a consequence of the ambiguity in the statute purporting to define what constitutes a crime of violence. The Supreme Court has been critical of the statute because of its vagueness and is poised to stike down that portion of the statute which creates the ambiguity--the so-called "catch-all" phrase  The Bureau's assessment of my offense as a crime of violence is relying heavily on the cath-all provision of the statute purporting to defind a crime of violence. For these reasons, the offense should be determined to be non-violent in nature, and  my eligibility for the year off to be confirmed.

__04/22/15__                                                           _/s/ signature_
       DATE                                                       SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                                    _____
       DATE                                                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                        CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

                                                                   CASE NUMBER: _____

Return to: _____   _____   _____   _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.    UNIT      INSTITUTION

SUBJECT: _____

_____                                    _____
       DATE                                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

KUBAN, Kenneth        REG. NO. 17261-084        RECEIPTED: 4/29/15

CASE NO. 813860-R3   PART B - RESPONSE

You are appealing the Warden's response to your denial of an appeal of the denial of 3621(e) Early Release for participation in the Residential Drug Abuse Program (RDAP), and request 3621(e) reduction be granted.

Records reveal you were denied Early Release for RDAP participation under 3621(e) due to your current conviction, pursuant to the cited regulation and Program Statement 5162.05 Section 3.a. This precludes you from Early Release under 3621(e) in accordance with <u>Program Statement 5331.02, Early Release Procedures under 18 U.S.C. 3621 (e)</u>.
Records reveal you pleaded guilty to a crime of stalking, thus making you ineligible for early release.

Based on the above information, your appeal is denied.

In the event you are dissatisfied with this response, you may appeal to the Bureau of Prisons, Administrative Remedy Section, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in that office within 30 days from the date of this response.

MAY 1 3 2015
_____                    _____
Date                                   J. A. Keller
                                       Regional Director



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Institution*

May 29, 2015

*P.O Box 7000*
*Forrest City, AR 72336-7000*

Administrative Remedy Coordinator
BOP Regional Office

Re:   KUBAN, Kenneth
       Reg No. 17261-084

To Whom it Concerns:

Due to delays in the mail, the above inmate did not receive a copy of his BP-10 response until May 29, 2015. This is in reference to Remedy ID No. 813860-R3 and is dated May 13, 2015. Based on this administrative oversight, please consider accepting his BP-11 even though it may be late based on the delay receiving his BP-10 response.

Sincerely,

Tim Moore
Unit Manager

4

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Kuban, Kenneth__  __17261-084__  __H-B__  __Forrest City, AR (Low)__
LAST NAME, FIRST, MIDDLE INITIAL   REG NO   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**  I disagree with the decision of the Regional Director, South Central Region concerning my eligibility for early release under 18 U.S.C. §3621(e). I did not commit a crime of violence or a sex crime, or possess a firearm---offenses which serve to disqualify one for the year off for completion of the RDAP. You indicate that I was convicted of the crime of "stalking." My offense involved the use of a computer, and not physically stalking another person. The Supreme Court of the United States is expected to declare a provision of the law on which the Bureau of Prisons is relying, i.e., the so-called residual clause of the ACA as void for vagueness. There is no law anywhere that declares my crime a crime of violence, and I firmly believe I am entitled to reconsideration of the Bureau's decision that my offense is an offense that disqualifies me from receiving the year off.

Accordingly, I request the Bureau of Prisons adhere to the law as declared by the Supreme Court of the United States, and reverse its current position that my offense is a disqualifying offense insofar a being awarded a year off for my successful completion of the RDAP.

__06/15/2015__
DATE

__K.E.K__
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____   _____
DATE   GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE   CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG NO   UNIT   INSTITUTION

SUBJECT: _____